**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____  Chapter __**11**__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Nine Energy Service, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 80-0759121 |

4. **Debtor's address**

**Principal place of business**

**2001 Kirby Drive**
Number          Street

**Suite 200**

**Houston**          **Texas**    **77019**
City                      State        Zip Code

**Harris County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                      State        Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                      State        Zip Code

5. **Debtor's website** (URL)          **https://nineenergyservice.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Nine Energy Service, Inc.**                                    Case number *(if known)*  _____
                  Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2131**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.    District  _____  When  _____  Case number  _____
                                                              MM/DD/YYYY

              District  _____  When  _____  Case number  _____
                                                              MM/DD/YYYY

---

| Debtor | **Nine Energy Service, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Southern District of Texas** | When | **02/01/2026** |
| | | | MM / DD / YYYY |
| Case number, if known | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

| City | State | Zip Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1-49 | | ☒ 1,000-5,000 | | ☐ 25,001-50,000 | |
| ☐ 50-99 | | ☐ 5,001-10,000 | | ☐ 50,001-100,000 | |
| ☐ 100-199 | | ☐ 10,001-25,000 | | ☐ More than 100,000 | |
| ☐ 200-999 | | | | | |

---

[1]   The Debtors note that the term "imminent and identifiable hazard" is not defined in this form. The Debtors utilize controlled explosives and certain other potentially hazardous materials to facilitate exploration and production of oil and gas resources. However, the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of "imminent and identifiable hazard" to public health or safety. All explosives are stored and handled pursuant to established safety protocols and in compliance with applicable laws and regulations.

Debtor   **Nine Energy Service, Inc.**                                                      Case number *(if known)* _____
         _____
         Name

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ More than $50 billion |

| | | | | | |
|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02/01/2026**
             _____
             MM/ DD / YYYY

✘   */s/ Guy Sirkes*                                   **Guy Sirkes**
    _____             _____
    Signature of authorized representative of debtor   Printed name

    Title   **Executive Vice President and Chief
            Financial Officer**
            _____

**18. Signature of attorney**

✘   */s/ John J. Kane*                     Date   **02/01/2026**
    _____            _____
    Signature of attorney for debtor            MM/DD/YYYY

    **John J. Kane**
    _____
    Printed name

    **Kane Russell Coleman Logan PC**
    _____
    Firm name

    **901 Main Street, Suite 5200**
    _____
    Number              Street

    **Dallas**                                  **Texas**        **75202**
    _____         _____       _____
    City                                        State            ZIP Code

    **(713) 425-7400**                          **jkane@krcl.com**
    _____         _____
    Contact phone                               Email address

    **24066794**                    **Texas**
    _____
    Bar number                      State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known)*: _____   Chapter   **11**

☐ Check if this is an
amended filing

<u>**Rider 1**</u>
<u>**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Nine Energy Service, Inc.

- Nine Energy Service, Inc.
- CDK Perforating, LLC
- Crest Pumping Technologies, LLC
- Magnum Oil Tools GP, LLC
- Magnum Oil Tools International, LTD
- MOTI Holdco, LLC
- Nine Downhole Technologies, LLC
- Nine Energy Canada Inc.
- Nine Energy Service, LLC
- RedZone Coil Tubing, LLC

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NINE ENERGY SERVICE, INC., | ) | Case No. 26-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __**001-38347**__

2. The following financial data is the latest available information and refers to the debtor's condition on **September 30, 2025**

(a)  Total assets                                                         $  __340,701,000__

(b)  Total debts (including debts listed in 2.c., below)   $  __436,567,000__

(c)  Debt securities held by more than 500 holders       __1__

|  |  |  |  |  |  | | Approximate number of holders: |
|---|---|---|---|---|---|---|---|
| secured | ☒ | unsecured | ☐ | subordinated | ☐ | $ __300,000,000__ | __See comment__ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ | _____ |

(d)  Number of shares of preferred stock                                        _____

(e)  Number of shares of common stock                        __43,326,339 outstanding__

Comments, if any:   **Nine Energy Service, Inc. knows that there are over 500 beneficial holders of the debt securities it has issued but does not and cannot know the precise number of beneficial holders.**

3. Brief description of debtor's business:   **Nine Energy Service, Inc. is a completion services provider that supports oil and gas resource development across North American basins and abroad.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Tontine Asset Management, LLC**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| NINE ENERGY SERVICE, INC., | )   Case No. 26-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Tontine Asset Management, LLC | 1 Sound Shore Drive, Suite 304, Greenwich, CT 06830 | 9.64% |

---

[1] This list reflects holders of five percent or more of Nine Energy Service, Inc.'s common stock.  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case. By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix and a Consolidated List of the 30 Largest Unsecured Creditors, (B) Redact or Withold Certain Confidential Information of Customers, and (C) Redact Certain Personally Identifiable Information of Natural Persons, (II) Waiving the Requirement to File a List of Equity Security Holders, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (IV) Granting Related Relief*, filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NINE ENERGY SERVICE, INC., | ) Case No. 26-_____(____) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| N/A | N/A |

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   NINE ENERGY SERVICE, INC., et al. |
| United States Bankruptcy Court for the:   Southern District of Texas |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GEO DYNAMICS INC PO BOX 202810 DALLAS, TX  75320-2810 | CONTACT: ROSALIA GLENN PHONE: (817) 341-5329 ROSALIA.GLENN@PERF.COM | TRADE DEBTS | | | | $1,779,943.78 |
| 2 | BUZZI UNICEM USA 15293 COLLECTIONS CENTER DRIVE CHICAGO, IL  60693 | CONTACT: MICHELLE MURPHY PHONE: (317) 706-7402 MICHELLE.MURPHY@BUZZIU NICEMUSA.COM | TRADE DEBTS | | | | $1,675,599.39 |
| 3 | TENARIS COILED TUBES, LLC 2200 W LOOP SOUTH 800 HOUSTON, TX  77027 | CONTACT: KATHY WORCHESIK PHONE: (713) 585-3916 KWORCHESIK@TENARIS.CO M | TRADE DEBTS | | | | $1,655,920.29 |
| 4 | THE GUND COMPANY INC. PO BOX 843034 KANSAS CITY, MO  64184-3034 | CONTACT: PAUL MARINO PHONE: (972) 389-0615 RECEIVABLES@THEGUNDCO MPANY.COM | TRADE DEBTS | | | | $1,596,695.18 |
| 5 | MARTIN MARIETTA MATERIALS, INC. PO BOX 677061 DALLAS, TX  75267-7061 | CONTACT: TAMMY RICKLIC PHONE: (972) 647-3881 TAMMY.RICKLIC@MARTINM ARIETTA.COM | TRADE DEBTS | | | | $1,585,194.40 |
| 6 | XCONNECT LLC PO BOX 393 FARMINGTON, NM  87499 | CONTACT: DAVE BELLAND PHONE: (505) 320-1770 ACCOUNTING@XCPERF.COM | TRADE DEBTS | | | | $1,526,517.20 |

Debtor: NINE ENERGY SERVICE, INC., et al.

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  ON FILE | ON FILE | TRADE DEBTS | | | | $1,226,040.01 |
| 8  ON FILE | ON FILE | TRADE DEBTS | | | | $1,134,455.57 |
| 9  GLOBAL TUBING, L.L.C. PO BOX 204538 DALLAS, TX  75320-4538 | CONTACT: JEREMY TRAYLOR PHONE: (713) 265-5000 JTRAYLOR@GLOBAL-TUBING.COM | TRADE DEBTS | | | | $1,115,103.43 |
| 10  ASH GROVE CEMENT SOUTH TEXAS LLC 11011 CODY ST OVERLAND PARK, KS  66210 | CONTACT: AMBER FIELDS PHONE: (281) 260-3700 AMBER.FIELDS@ASHGROVE.COM | TRADE DEBTS | | | | $927,427.88 |
| 11  FRITZ INDUSTRIES, INC. PO BOX 118693 DALLAS, TX  75011-8693 | CONTACT: MICHAEL KOVAR PHONE: (972) 329-8839 AR@FRITZIND.COM | TRADE DEBTS | | | | $840,537.63 |
| 12  LUXFER MEL TECHNOLOGIES ELEKTRON TECHNOLOGY CENTRE LUMNS LANE MANCHESTER  M27 8LN UNITED KINGDOM | CONTACT: KAREN HODGKISS PHONE: (303) 589-3189 KAREN.HODGKISS@LUXFER.COM | TRADE DEBTS | | | | $803,577.13 |
| 13  HUNTING TITAN INC. PO BOX 206473 DALLAS, TX  75320-6473 | CONTACT: JEFF SKINNER PHONE: (800) 665-3781 WH-TW14-BROCKWAY@HUNTING-INTL.COM | TRADE DEBTS | | | | $747,929.19 |
| 14  ITOCHU CHEMICALS AMERICA INC PO BOX 200900 PITTSBURGH, PA  15251-0900 | CONTACT: TERESA HOUANG PHONE: (914) 333-7808 TERESA.HOUANG@ITOCHU-CA.COM | TRADE DEBTS | | | | $736,606.33 |
| 15  ON FILE | ON FILE | TRADE DEBTS | | | | $661,830.72 |
| 16  ON FILE | ON FILE | TRADE DEBTS | | | | $553,708.33 |
| 17  ON FILE | ON FILE | TRADE DEBTS | | | | $534,230.06 |
| 18  3M P.O. BOX 844127 DALLAS, TX  75284-4127 | CONTACT: SHERRIE PEWITT PHONE: (651) 733-1110 WIREINFO@MMM.COM | TRADE DEBTS | | | | $491,144.44 |
| 19  MAXIM CRANE WORKS, LP P.O. BOX 854389 MINNEAPOLIS, MN  55485-4389 | CONTACT: JOHN WERNER PHONE: (412) 469-3700 JWERNER@MAXIMCRANE.COM | TRADE DEBTS | | | | $462,694.25 |

Debtor:  NINE ENERGY SERVICE, INC., et al.

Case Number  (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | M FORCE 7, INC. 214 CR 3341 PARADISE, TX  76073 | CONTACT: HOMER MUNDY PHONE: (940) 969-6956 HOMERMUNDY@YAHOO.COM | TRADE DEBTS | | | | $443,194.87 |
| 21 | CNK SOLUTIONS, LLC 2702 ALOUETTE DRIVE GRAND PRAIRIE, TX  75052 | CONTACT: MIKE NGUYEN PHONE: (972) 623-2099 MNGUYEN@CNK-SOLUTIONS.COM | TRADE DEBTS | | | | $406,887.57 |
| 22 | ECO MATERIAL TECHNOLOGIES INC PO BOX 843922 DALLAS, TX  75284-3922 | CONTACT: SARA MAY PHONE: (210) 349-4069 SARA.MAY@BORAL.COM | TRADE DEBTS | | | | $398,322.03 |
| 23 | OIL STATES INDUSTRIES, INC. PO BOX 200149 DALLAS, TX  75320-0149 | CONTACT: MARGARET BUCKLES PHONE: (918) 250-0828 MARGARET.BUCKLES@OILSTATES.COM | TRADE DEBTS | | | | $383,646.41 |
| 24 | EXPRESS MINERALS LLC PO BOX 60593 MIDLAND, TX  79711 | CONTACT: JULIO FERNANDEZ PHONE: (956) 239-1146 J.FERNANDEZ@XPMINERALS.COM | TRADE DEBTS | | | | $367,379.90 |
| 25 | ON FILE | ON FILE | TRADE DEBTS | | | | $359,259.22 |
| 26 | NEWGEN SYSTEMS LIMITED 8 ST. GEORGES STREET DOUGLAS  IM1 1AH ISLE OF MAN | CONTACT: MALCOLM PITMAN PHONE: 44 (162) 466-5100 MALCOLM@NEWGENSYSTEMS.COM | TRADE DEBTS | | | | $356,572.17 |
| 27 | FLINT LOGISTICS GROUP, LLC 11212 N MAY AVE SUITE 303 OKLAHOMA CITY, OK  73120 | CONTACT: ZACK KRANZ PHONE: (575) 390-0021 AR@FLINTLOGISTICSGROUP.COM | TRADE DEBTS | | | | $353,349.31 |
| 28 | PS TRUCKING LLC PO BOX 3130 ALICE, TX  78333 | CONTACT: GILBERT CASTRO PHONE: (361) 877-3891 PS88TRUCKING@GMAIL.COM | TRADE DEBTS | | | | $332,797.34 |
| 29 | MAGNUM MACHINE & MFG LLC PO BOX 644 SINTON, TX  78387 | CONTACT: HEATHER COHEA PHONE: (361) 364-2261 HEATHER.COHEA@MAGNUM-MACHINE.COM | TRADE DEBTS | | | | $330,609.22 |
| 30 | D&L MANUFACTURING, INC. PO BOX 52220 TULSA, OK  74152 | CONTACT: CHRISTINA ISAACSON PHONE: (918) 587-3504 CHRISTINA.ISAACSON@DLOILTOOLS.COM | TRADE DEBTS | | | | $312,046.94 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Nine Energy Service, Inc.** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **02/01/2026** | ☒  */s/ Guy Sirkes* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Guy Sirkes** |
| | | Printed name |
| | | **Executive Vice President and Chief Financial Officer** |
| | | Position or relationship to debtor |

Official Form 202                          Declaration Under Penalty of Perjury for Non-Individual Debtors

## OMNIBUS UNANIMOUS WRITTEN CONSENT
## IN LIEU OF A SPECIAL MEETING
## OF THE GOVERNING BODIES

### February 1, 2026

**WHEREAS,** after due deliberation, the undersigned, being the (i) board of directors of each entity listed on **Schedules 1-2** attached hereto, (ii) sole member or sole manager, as applicable, of each entity listed on **Schedules 3-5** attached hereto, (iii) board of directors of the entity listed on **Schedule 6** attached hereto, and (iv) sole general partner and limited partner of the entity listed on **Schedule 7** attached hereto (the entities identified on **Schedules 1-7**, the "Companies" and each, a "Company" or a "Filing Entity") (the board of directors, sole member, sole manager, board of managers, general partner, and/or limited partner of each Company, collectively, the "Governing Bodies" and each, a "Governing Body"), hereby take the following actions and adopt the following resolutions by unanimous written consent, in lieu of a special meeting of each Governing Body, as applicable, pursuant to such Company's limited liability company agreement, bylaws, or limited partnership agreement (or equivalent document), as applicable (collectively, the "Governing Agreements" and each, a "Governing Agreement"), and the respective laws of the state of formation of each such Company;

**WHEREAS,** the Governing Body of each Company has reviewed and considered (a) presentations by such Company's management team (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to it, and the effect of the foregoing on each Company's business, (b) the information and advice previously provided to and reviewed by each such Governing Body, (c) presentations by the Company's Management and Advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "Restructuring Support Agreement") and the key terms thereof, and (d) the related matters on and before the date hereof;

**WHEREAS,** the Restructuring Support Agreement contemplates that the Companies will, among other things, file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and pursue confirmation and consummation of the *Joint Prepackaged Plan of Reorganization of Nine Energy Service, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or modified from time to time, and including all supplements and exhibits thereto, the "Plan") pursuant to the solicitation procedures set forth in the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of Nine Energy Service, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or modified from time to time, and including all supplements and exhibits thereto, the "Disclosure Statement") and the motion, order, ballots, and other relevant documents in connection therewith, together with the Disclosure Statement (the "Solicitation Materials");

**WHEREAS,** each Governing Body has reviewed and considered presentations by Management and the Advisors regarding the postpetition revolving credit facility (the "DIP Financing") memorialized by the DIP Documents (as defined herein) and other transactions contemplated in the Restructuring Support Agreement;

**WHEREAS**, each Governing Body has had adequate opportunity to consult with Management and the Advisors regarding the materials and documentation presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, each Governing Body has determined that the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the articles of incorporation and applicable governing documents of the Companies, the Governing Bodies hereby adopt the following resolutions:

## CHAPTER 11 FILING

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company (including consideration of its creditors and other parties in interest) that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition (a "Bankruptcy Petition", and together with all matters contemplated by the Restructuring Support Agreement and the DIP Financing, including any auction, sales process, merger, business combination, reorganization, recapitalization, asset sale, equity sale or other fundamental transaction contemplated thereby, collectively, the "Restructuring Matters") for relief commencing a case (collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction; and, in accordance with the requirements of the Governing Agreements and applicable law, hereby consent to, authorize, approve, confirm and ratify all actions in connection with the filing of the respective Bankruptcy Petition; and

**RESOLVED**, that any of the Chief Executive Officer, President, Chief Financial Officer, Executive Vice President, General Counsel, or Secretary or any other duly-appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business; and

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in

connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Filing Entities be, and they hereby are, authorized and directed to employ (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as co-counsel, (b) the law firm of Kane Russell Coleman Logan PC ("KRCL"), as co-counsel; (c) FTI Consulting, Inc. ("FTI"), as financial advisor, (d) Moelis & Company LLC ("Moelis"), as investment banker, (e) Epiq Corporate Restructuring, LLC ("Epiq"), as claims and noticing agent, (f) KPMG LLP as tax advisor, and (g) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatories deem necessary, appropriate, or advisable to retain (together with Kirkland, KRCL, FTI, Moelis, Epiq and KPMG the "Retained Professionals") in each case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals.

## THE RESTRUCTURING SUPPORT AGREEMENT, CHAPTER 11 PLAN, AND DISCLOSURE STATEMENT

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest that each such Company and the other parties thereto enter into the Restructuring Support Agreement (substantially in the form presented to each Governing Body, with such changes as approved by one or more Authorized Signatories, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof) and commence solicitation of the Plan consistent with the Restructuring Support Agreement and the Solicitation Materials, and that each Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized, approved, confirmed and ratified;

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest, that the Authorized Signatories, acting individually and with full power of substitution, be, and hereby are, authorized, approved, empowered and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Support Agreement (including the DIP Financing) and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the Restructuring Matters, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Companies, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Signatory may approve, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof), and that such Companies'

entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed and ratified; and

RESOLVED, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to support or consummate the Restructuring Matters, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Support Agreement (including, without limitation, the incurrence of indebtedness, rejection of obligations, sale of the Companies, sale or equity or assets, merger liquidation, or other transactions that may be in furtherance of the Restructuring Matters).

## CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

RESOLVED, that the Filing Entities will obtain benefits from (a) the consensual use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured creditors party to (i) that certain Loan and Security Agreement, dated as of May 1, 2025, as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, by and among Nine Energy Service, Inc., and certain of its subsidiaries, as borrowers, Nine Energy Service, LLC, MOTI Holdco, LLC, Magnum Oil Tools GP, LLC, and Magnum Oil Tools International, LTD, as guarantors, the lenders party thereto, and White Oak Commercial Finance, LLC, as agent (the "ABL Agent"), and (ii) that certain Senior Secured Notes Indenture, dated as of January 30, 2023, as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, by and among Nine Energy Service, Inc., as issuer, certain of its subsidiaries as guarantors, and U.S. Bank Trust Company, National Association, as trustee, and the holders of claims arising thereunder; and (b) the entry into a senior secured superpriority asset-based debtor-in-possession revolving credit facility, to be provided by the ABL Agent and the lenders party thereto, providing for a revolving line of credit in the aggregate principal amount of up to $125,000,000 (as amended, the "DIP Facility"), each on the terms set forth in the DIP Documents;

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Facility and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities, whose collateral secures the DIP Facility, will provide certain liens, claims, and adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (collectively, the "DIP Orders") and submitted for approval to the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of the DIP Orders to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute and deliver the DIP Orders and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Filing Entities are or will be parties, including,

but not limited to, the DIP Facility, any fee letter, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders, the "DIP Documents") and perform, and cause the performance of, the obligations thereunder (the "Guaranteed Obligations"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to each Governing Body, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on their assets to secure such obligations;

RESOLVED, that the Authorized Signatories of the Filing Entities be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and (i) execute the DIP Transactions, including delivery of:  (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other instruments, certificates, notices, filings, assignments, and documents as may be reasonably requested by the ABL Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents and perform or cause the Filing Entities to perform the obligations thereunder, (ii) grant and continue to grant liens on its property as set forth in the DIP Documents and to take such further action to maintain and perfect such liens and otherwise as necessary to effect the purposes of the DIP Documents, including, without limitation, to pledge and deliver stock certificates, alonges and promissory notes and to execute and deliver any and all certificates and intellectual property security agreements, and (iii) guarantee the Guaranteed Obligations to the extent it is a guarantor under the DIP Facility;

RESOLVED, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to file or to authorize the ABL Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Filing Entities that the ABL Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each case as the ABL Agent may reasonably request to perfect the security interests of the ABL Agent under the DIP Orders; and

RESOLVED, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to take

all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Filing Entities in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate and enter into supplemental agreements, amendments, instruments, certificates, consents or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents or documents in the name and on behalf of each Filing Entity, which shall in their sole judgment be necessary, proper, or advisable to perform the Filing Entities' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**<u>GENERAL</u>**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that, to the extent a Company serves as (i) the sole member, (ii) managing member, (iii) manager, (iv) general partner or (v) otherwise as the governing body (the "<u>Controlling Party</u>"), in each case, of any subsidiary of such Company (the "<u>Controlled Party</u>"), each Authorized Signatory of the Controlling Party, any one of whom may act without the joinder of any of the others, is hereby authorized in the name and on behalf of the Controlling Party (acting for such Controlled Party in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Party that an Authorized Signatory is herein authorized to take on behalf of such Controlling Party;

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Agreement of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body; and

**RESOLVED**, that (a) the foregoing resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these

resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Governing Bodies and each Company.

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Scott Schwinger

Ann G. Fox

Darryl Willis

Julie Peffer

Joey Hall

BEING ALL OF THE MEMBERS OF THE
BOARD OF DIRECTORS OF THE
COMPANY LISTED ON <u>SCHEDULE 1</u>

Docusign Envelope ID: 515F9BF3-CFE7-45D4-BE86-BC7273B6273B

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Ann G. Fox

Guy Sirkes

Theodore R. Moore

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 2

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

DocuSigned by:

*Guy Sirkes*

09B2B0487547423...

Name: Guy Sirkes
Title: Executive Vice President and Chief Financial Officer

NINE ENERGY SERVICE, INC. BEING THE SOLE MEMBER OF EACH OF THE COMPANIES LISTED ON SCHEDULE 3

*Signature Page to Omnibus Unanimous Written Consent*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_DocuSigned by:_

_Guy Sirkes_

09B2B0467547423...

Name: Guy Sirkes
Title: Executive Vice President and Chief Financial Officer

NINE DOWNHOLE TECHNOLOGIES, LLC BEING THE SOLE MEMBER OF THE COMPANY LISTED ON SCHEDULE 4

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

DocuSigned by:

*Guy Sirkes*

09B2B0467547423...

Name: Guy Sirkes
Title: Executive Vice President and Chief Financial Officer

MOTI HOLDCO, LLC BEING THE SOLE MANAGER OF THE COMPANY LISTED ON SCHEDULE 5

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Ann G. Fox

BEING THE SOLE DIRECTOR OF THE COMPANY LISTED ON SCHEDULE 6

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

**GENERAL PARTNER:**

**MAGNUM OIL TOOLS GP, LLC**

*Guy Sirkes*

Name: Guy Sirkes
Title: Executive Vice President and Chief Financial Officer

**LIMITED PARTNER:**

**MOTI HOLDCO, LLC**

*Guy Sirkes*

Name: Guy Sirkes
Title: Executive Vice President and Chief Financial Officer

BEING ALL OF THE PARTNERS OF THE COMPANY LISTED ON SCHEDULE 7

## SCHEDULE 1

| | Company | Jurisdiction |
|---|---|---|
| 1. | Nine Energy Service, Inc. | Delaware |

## SCHEDULE 2

| | Company | Jurisdiction |
|---|---|---|
| 1. | Nine Energy Canada Inc. | Alberta |

## SCHEDULE 3

| | Company | Jurisdiction |
|---|---|---|
| 1. | CDK Perforating, LLC | Texas |
| 2. | Nine Downhole Technologies, LLC | Delaware |
| 3. | Nine Energy Service, LLC | Delaware |
| 4. | RedZone Coil Tubing, LLC | Texas |

## SCHEDULE 4

| | Company | Jurisdiction |
|---|---|---|
| 1. | MOTI Holdco, LLC | Delaware |

## SCHEDULE 5

| | Company | Jurisdiction |
|---|---|---|
| 1. | Magnum Oil Tools GP, LLC | Texas |

**SCHEDULE 6**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Crest Pumping Technologies, LLC | Delaware |

**SCHEDULE 7**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Magnum Oil Tools International, LTD | Texas |